**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

In re:   Michael A. Corrente,                                              BK No: 15-11313
        Debtor                                                             Chapter 7

Frank Zammiello,
        Plaintiff
v.                                                                                       A.P. No. 15-01031

Michael A. Corrente,
        Defendant

**DECISION AND ORDER ON**
**DEFENDANT'S MOTION TO DISMISS**

Debtor Michael Corrente, the Defendant in this adversary proceeding, moves to dismiss Count II of Plaintiff Frank Zammiello's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), applicable to this proceeding pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. *See* Defendant Michael Corrente's Motion to Dismiss Amended Count II of Complaint to Determine Dischargeability of Debt Under 11 U.S.C. § 523(a)(2)(A) ("Motion"),[1] Doc. #22. *See also* Amended Complaint Objecting to Discharge of Debtor Pursuant to 11 U.S.C § 727 and to Determine Dischargeability of Debt Under 11 U.S.C. § 523 ("Amended Complaint"), Doc. #21. Not surprising, Mr. Zammiello objects to the Motion. *See* Plaintiff's Objection to Motion to Dismiss Amended Count II of Complaint, Doc. #24.

**I.    Applicable Standards**

In considering this Motion, I must accept the well-pleaded facts of the Amended Complaint as true, but I need not accept as true any allegations that are no more than "labels and

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "Chapter," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C.§§ 101, *et seq.* as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must "state a claim to relief that is plausible on its face" rather than merely conceivable. *Twombly*, 550 U.S. at 570. The Supreme Court explained in *Iqbal*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.
>
> . . . .
>
> . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

556 U.S. at 678-79 (citations omitted).

## II.    Establishing a Claim Under § 523(a)(2)(A)

Specifically, Count II seeks a determination that Mr. Corrente's debt to Mr. Zammiello is not dischargeable under Bankruptcy Code § 523(a)(2)(A), which provides that a debtor is not discharged from any debt for money "obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." To prevail under this provision, a creditor must show:

> (1) the debtor made a knowingly false representation or one made in reckless disregard of the truth, (2) the debtor intended to deceive [i.e. scienter], (3) the debtor intended to induce the creditor to rely upon the false statement, (4) the creditor actually relied upon the misrepresentation, (5) the creditor's reliance was justifiable, and (6) the reliance upon the false statement caused damage.

*See McCrory v. Spigel*, 260 F.3d 27, 32 (1st Cir. 2001) (footnote omitted) (citing *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997)).

**III.    Analysis**

Applying both the standards governing Rule 12(b)(6) motions to dismiss and the elements that a plaintiff must establish under § 523(a)(2)(A), I must determine whether the factual content of the Amended Complaint is sufficient to state a plausible claim such that, if proven at trial, each element would be satisfied.

For the first element, Mr. Zammiello alleges that Mr. Corrente "falsely represented . . . that he would personally repay the loan" and that he knew the representation was false because he "never intended to personally repay the loan." Amended Complaint, ¶¶ 88, 89, 93. In support of these allegations Mr. Zammiello points to the loan documents he attached to the Amended Complaint as evidence that Mr. Corrente did in fact personally guaranty repayment of the loan. *See* Amended Complaint, Exhibit A. In the loan agreement, Mr. Corrente acknowledged that Mr. Zammiello was "willing to deliver the Loan only if Corrente personally guarantees repayment of the Loan" and by executing the loan agreement "Corrente hereby does guarantee to Lender [Mr. Zammiello] repayment of the Loan." *Id*. at 2. Mr. Corrente executed the loan agreement in both his personal capacity and in his capacity as president of the corporation that was a member of the two other entities that were co-borrowers on the loan with him.

Mr. Zammiello also highlights Mr. Corrente's state court litigation deposition testimony, from which both parties quote in support of their respective positions. He focuses on Mr. Corrente's testimony where he stated that, "I had no intention of personally repaying Zammiello $2 million, unless it were to be generated out of the proceeds of the movie." Motion at 5. Considered as a whole, and accepted as true for purposes of this Motion, these factual allegations and supporting references are sufficient to state a plausible claim under § 523(a)(2)(A). If proven

3

at trial they would support a reasonable inference that Mr. Corrente made a knowingly false representation, thereby satisfying the first element of this provision.

Turning to the second and third elements that must be established, Mr. Zammiello alleges that Mr. Corrente made this false representation with the intent to deceive him and to induce him to rely upon the statement. Amended Complaint, ¶¶ 95, 98. In support of these allegations, he alleges that Mr. Corrente told him that the film could not be completed without the loan, that he was running out of time to salvage the project, and that he knew that Mr. Zammiello would not loan him the necessary funds without Mr. Corrente's personal guaranty. *See id*. ¶¶ 53, 58, 76, 96. Mr. Zammiello again recites Mr. Corrente's deposition testimony in which he explained that at the time he obtained the loan he was "frantically looking for investors" because the film "was in a tailspin," "150 people's lives and professional careers were at stake," and that "[w]e were at four corners of the earth all trying desperately." *Id*. ¶ 76. Mr. Zammiello emphasizes that initially the loan documents Mr. Corrente sent him did not include a personal guaranty and he rejected them. He alleges that he contacted Mr. Corrente and told him that he would not make the loan unless Mr. Corrente personally guaranteed the loan. As a result, he asserts, at Mr. Corrente's direction the loan documents were revised to include that personal guaranty. *Id*. ¶¶ 61-65. Again, considered in its entirety the factual content in the Amended Complaint, if proven, would enable me to reasonably infer that Mr. Corrente intended to deceive Mr. Zammiello and to induce him to rely upon the alleged false statement, satisfying the second and third § 523(a)(2)(A) elements.

As to the fourth and fifth elements, Mr. Zammiello pleads that he actually, and justifiably, relied upon Mr. Corrente's misrepresentation. Amended Complaint, ¶¶ 99-101. He alleges that but for this false representation he would not have made the loan. He contends that the revision of the loan documents and their explicit references relating to Mr. Corrente's

4

guaranty demonstrate that his reliance upon Mr. Corrente's false representation was both reasonable and justified. As further support, he pleads in the Amended Complaint that he "had no reason to believe that [Mr. Corrente] was not telling the truth" about personally repaying the loan because Mr. Corrente "had a reputation as a successful and talented film director and producer, and had achieved much notoriety, particularly in Rhode Island." Conversely, he maintains, he himself "had no expertise or experience in the film industry." In summary, Mr. Zammiello states:

> [T]here were no writings, no communications, no information and no circumstances which put [him] on notice that the representations of [Mr. Corrente] were not or might not be true, or that [Mr. Corrente] did not intend to do that which he represented he would, i.e. personally repay the Loan, or that would lead [him] to believe that he needed to investigate whether [Mr. Corrente] was telling the truth.

*Id.* ¶¶ 46, 51, 72.

Once again, these factual allegations if established at trial would support a reasonable inference that Mr. Zammiello both actually and justifiably relied upon Mr. Corrente's alleged misrepresentation, satisfying the fourth and fifth § 523(a)(2)(A) elements.

Finally, the sixth element of this provision is also satisfied by the factual pleadings in the Amended Complaint. Mr. Zammiello alleges that his reliance on Mr. Corrente's misrepresentation caused him damage in the amount of at least $2 million because the loan has not been repaid. Amended Complaint, ¶¶ 79, 82, 84-86. Assuming the requisite elements one through five of § 523(a)(2)(A) are proven at trial, I could reasonably infer based on the facts alleged in Count II that his reliance on Mr. Corrente's misrepresentation caused him damage.

This leaves me with one final point to address. In moving to dismiss Count II, Mr. Corrente argues that his deposition testimony establishes on its face that Mr. Zammiello's reliance on the personal guaranty could not possibly have been justified. He contends that

5

"reliance is only justifiable if the falsity of the representation would not have been readily apparent to the person to whom it was made," and that the falsity of Mr. Corrente's alleged personal guaranty was readily apparent to Mr. Zammiello based on Mr. Corrente's allegation that he informed Mr. Zammiello he "was never going to have any money to repay him." Motion at 7.

What Mr. Corrente advised Mr. Zammiello at the time of the loan, and in the context of the revisions of the loan documents, are factual issues in dispute that cannot be determined at this preliminary stage in ruling on a Rule 12(b)(6) motion. Rather, in order for a claim to survive a motion to dismiss, I must find merely that facts have been alleged that would permit me as the fact finder to rule in favor of the Plaintiff. Issues of credibility and fact-finding are left for trial.

As a corollary to his unjustified reliance argument, Mr. Corrente maintains that Mr. Zammiello's reliance on the personal promise of repayment could only be justified if he "undertook some independent effort to assess Corrente's ability to repay that revealed something other than what Corrente told Zammiello at the meeting." *Id*. Thus, he concludes that for Mr. Zammiello to reasonably rely on Mr. Corrente's personal guaranty, Mr. Corrente would have had to present Mr. Zammiello with a written statement of his financial condition. This, he argues, would bring this claim under the scope of § 523(a)(2)(B) (misrepresentation about the personal financial condition of the debtor) and preclude the claim under § 523(a)(2)(A) as pled. This argument is without merit. Yet again, this contention rests upon disputed factual issues that cannot be determined on a Rule 12(b)(6) motion to dismiss. It also misses the mark. Mr. Zammiello alleges that the misrepresentation was that Mr. Corrente *would* personally repay the loan, not that Mr. Corrente represented he had the *ability* to personally repay the loan. Count II falls well within the parameters of § 523(a)(2)(A), and § 523(a)(2)(B) is not applicable.

**IV.     Conclusion**

The plausibility standard that Mr. Zammiello must meet to defeat this motion to dismiss requires only that the Amended Complaint's factual content "be enough to raise a right to relief above the speculative level." *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A plaintiff must plead "factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, the Amended Complaint alleges sufficient facts which, if established at trial, would permit me to find all of the required elements of the claim under § 523(a)(2)(A) satisfied. In short, Count II states a plausible claim for relief.

The Motion is DENIED.

Date: April 12, 2016                                                                                 By the Court,

*Diane Finkle*
_____
Diane Finkle
U.S. Bankruptcy Judge